IN THE DISTRICT COURT IN AND FOR MAYES COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
MAYES CO. OKLAHOMA
SEP 16 2014
RITA HARRISON, COURT CLERK
BY_____ DEPUTY

| | |
|---|---|
| ROBERT JACKSON, | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NO. CJ-14-169 |
| vs. | )<br>) |
| THE BOARD OF COUNTY COMMISSIONERS OF MAYES COUNTY<br>SHERIFF MIKE REED, in his Individual and Official capacities | )<br>)<br>)<br>)<br>) ATTORNEY LIEN CLAIMED<br>) |
| Defendants. | )<br>) |

## PETITION

COMES NOW the Plaintiff, Robert Jackson, through his attorneys of record, Daniel E. Smolen, David Bross, and Lauren G. Lambright of *Smolen, Smolen & Roytman, P.L.L.C*, and brings this action against the Defendants for tortuously interfering with business relationship and contract.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Robert Jackson is a resident of Oklahoma and resides in Wagoner County, Oklahoma.

2. Defendant Board of County Commissioners of Mayes County conducts regular business in Mayes County and employs more than fifteen (15) employees.

3. Defendant Sheriff Mike Reed is a resident of Mayes County, Oklahoma.

4. The wrongful acts complained of herein occurred in Mayes and Delaware County, Oklahoma.

EXHIBIT 1

5.  This Court has jurisdiction and venue is proper in Mayes County, State of Oklahoma.

6.  The Plaintiff has complied with 51 O.S.A. § 151 et seq., requiring a Plaintiff to notify a political subdivision of an intent to sue or prosecute a claim against that political subdivision.

## FACTS COMMON TO ALL COUNTS

7.  Plaintiff incorporates as if realleged Paragraphs 1-6.

8.  Defendant employed Plaintiff from January 2, 2013 until September 16, 2013.

9.  The Plaintiff was unlawfully terminated from his employment with Mayes County on September 16, 2013.

10. The Plaintiff obtained subsequent employment with Delaware County on November 1, 2013. On November 6, 2013, the Plaintiff was suspended without pay from his employment from Delaware County after Defendant Mike Reed called Plaintiff's supervisor, the Sheriff of Delaware County, in an effort to get the Plaintiff terminated from his subsequent employment. Defendant Reed knew that the Plaintiff had not committed any of the acts that Defendant Reed accused Plaintiff of committing or knew that the investigation of the Plaintiff was incomplete, yet took it upon himself to call Plaintiff's new employer to give him false information in order to get the Plaintiff terminated.

11. Defendant Reed's efforts proved successful, as the Plaintiff was ultimately terminated from his employment on November 15, 2013 and suffered damages as a result of the suspension without pay and termination.

EXHIBIT 1

12.     As such, Defendant Reed tortuously interfered with Plaintiff's business relationship and contract as well as interfered with Plaintiff's economic advantage in his new employment.

## FIRST CLAIM FOR RELIEF
## TORTUOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AND CONTRACT

13.     Plaintiffs incorporate as if realleged Paragraphs 1-12.

14.     Defendant Reed's actions in calling Plaintiff's subsequent employer in order to relay false information in an attempt to get the Plaintiff terminated from his new job constitutes tortuous interference with the Plaintiff's

15.     The Plaintiff was employed with Delaware County and has such had a valid business relationship with Delaware County.

16.     Defendant Reed intentionally interfered with the business relationship between the Plaintiff and Delaware County.

17.     Defendant Reed's interference was malicious and wrongful.

18.     Defendant Reed's interference was neither justified, privileged, nor excusable.

19.     This interference resulted in the Plaintiff's termination from employment with Delaware County and as such, Plaintiff has suffered both economic and compensatory damages as a result of Defendant Reed's actions.

20.     Defendant Reed was not a party to the business relationship between Plaintiff and his employer, Delaware County.

WHEREFORE, Plaintiff pray for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and

EXHIBIT 1

other non-pecuniary losses;

c. Punitive damages against Defendant Reed in his individual capacity for the intentional and knowing acts he committed;
d. His attorney's fees and the costs and expenses of this action;
e. Injunctive and Equitable Relief
f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF: INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE

21. Plaintiffs incorporate as if realleged Paragraphs 1-20.

22. The Plaintiff had a valid business relation with Delaware County, as he was being employed and paid by Delaware County.

23. Defendant Reed knew the Plaintiff was employed with Delaware County.

24. Defendant Reed intentionally interfered with Plaintiff's employment with Delaware County by calling the Sheriff of Delaware County and relaying false information in an attempt to get the Plaintiff terminated from employment.

25. Defendant Reed's act resulted in Plaintiff being terminated from Delaware County.

26. Plaintiff has suffered damages in lost wages and benefits, compensatory damages, emotional distress and attorney's fees as a result of this intentional interference by Defendant Reed.

27. Defendant Reed acted with the purpose to interfere with Plaintiff's job with Delaware County when he called and provided information that he knew to be false or knew was unproven at the time he voluntarily relayed said information.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other

EXHIBIT 1

non-pecuniary losses;
c. Punitive damages against Defendant Reed in his individual capacity for the intentional and knowing acts he committed;
d. His attorney's fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the time of filing suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the costs of bringing this action, a reasonable attorney's fee, along with such other relief as deemed just and equitable.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen (OBA#19943)
Lauren G. Lambright, (OBA#22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff

EXHIBIT 1